**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DORIS SMITH**                                                                    **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:23-cv-417-TSL-MTP**

**COMMISSIONER OF SOCIAL SECURITY**                                **DEFENDANT**

## REPORT AND RECOMMENDATION

Plaintiff Doris Smith brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security Administration. Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Commissioner's final decision be AFFIRMED and this action be DISMISSED with prejudice.

## PROCEDURAL HISTORY

On or about July 13, 2021, Plaintiff applied for disability insurance benefits, alleging that she has been disabled since June 21, 2021, due to back and knee pain. (Administrative Record [8] at 158; 204-08). After the agency denied Plaintiff's claim, an Administrative Law Judge ("ALJ") conducted a hearing, and on November 7, 2022, the ALJ issued a decision finding that Plaintiff was not disabled. ([8] at 32-39). Plaintiff then appealed the ALJ's decision to the Appeals Council. On May 12, 2023, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. ([8] at 5-9). Plaintiff now seeks judicial review in this Court under 42 U.S.C. § 405(g).

## ADMINISTRATIVE LAW JUDGE'S DECISION

In his November 7, 2022, decision, the ALJ applied the five-step sequential analysis set forth in 20 C.F.R. § 404.1520(b)-(f)[1] and determined that Plaintiff was not disabled.  At step one, the ALJ noted that Plaintiff worked after the alleged disability onset date—June 21, 2021—but found that this work activity did not rise to the level of substantial gainful activity.  At step two, the ALJ found that Plaintiff had the following severe impairments: "injuries sustained in a motor vehicle accident (MVA), osteoarthritis (OA), and spinal disorders." ([8] at 34).  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. ([8] at 36).

---

[1] This analysis requires the ALJ to make the following determinations:
> (1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);
> (2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
> (3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);
> (4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
> (5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. §§ 404.1520, 416.92.  The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The ALJ then examined the record and determined that Plaintiff had the residual functional capacity ("RFC")[2] to perform light work as defined in 20 C.F.R. § 404.1567(b),[3] with the following exceptions: "The claimant can occasionally climb ladders, ropes, or scaffolds; and frequently climb ramps/stairs, balance, kneel, stoop, crouch, or crawl." ([8] at 37). At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a cashier and stock control clerk. ([8] at 38). Accordingly, the ALJ found that Plaintiff was not disabled. ([8] at 39).[4]

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to determining whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." *Id.*

---

[2] "Residual Functional Capacity" is defined as the most an individual can still do despite the physical and/or mental limitations that affect what the individual can do in a work setting. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b).

[4] Because the ALJ found that Plaintiff could perform past relevant work (and therefore was not disabled), the ALJ did not continue to the fifth step of the sequential analysis.

However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal citations and quotations omitted). Conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). A court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against" the Commissioner's decision. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Selders,* 914 F.2d at 617. Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)).

## ANALYSIS

Plaintiff presents a single issue for this Court's consideration: "Did the ALJ err in his consideration of the medical opinions in this case?" ([14] at 3). Plaintiff argues, more specifically, that "the ALJ failed to determine how persuasive he found the opinion of Miller Jennings, M.D." ([14] at 4).

Pursuant to Social Security Administration regulations, an ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinions," even those from treating medical sources. *See* 20 C.F.R. § 404.1520c(a). Instead, an ALJ must evaluate the "persuasiveness" of medical opinions by utilizing five factors: supportability, consistency, relationship with the claimant, specialization, and other factors.[5] *See* 20 C.F.R. §

---

[5] Other factors include, but are not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability programs, policies and evidentiary requirements." *See* 20 C.F.R. § 404.1520c(c)(5).

404.1520c(c).  The most important factors are supportability and consistency. *See* 20 C.F.R. § 404.1520c(b)(2).  An ALJ is required to explain how he considered the supportability and consistency factors, but need not explain how he considered the other factors in determining the persuasiveness of the medical opinion. *See* 20 C.F.R. § 404.1520c(b)(2).

On March 23, 2022, Dr. Miller Jennings conducted a consultative examination of Plaintiff.  Following the examination, Dr. Jennings reported his findings and provided an opinion:

> On the basis of the history and physical examination, the findings are as follows: 1. Reported Severe back pain, knee pain, hit by car.  The claimant reports ongoing right hip and back pain and reports difficulty with tolerating multiple pain medications due to side effects.  On exam, she is in mild distress secondary to pain and becomes tearful during portions of testing and evaluation of right hip is somewhat limited given pain.  She has decreased right hip strength and decreased [range of motion] of the thoracolumbar spine and cervical spine.  There are likely mild to moderate limitations to [activities of daily living] involving prolonged standing/walking, lifting/carrying heavy weight, bending, stooping, kneeling, and crouching secondary to back and right hip pain.

([8] at 357).

The ALJ discussed Dr. Jennings's findings and opinions at length and found them persuasive.  He noted that Dr. Jennings's exam "appeared to be an accurate and objective exam." ([8] at 38).  He relied heavily on Dr. Jennings's opinion, even utilizing it as the standard against which other opinions were evaluated.  For example, the ALJ found the state agency consultant's determination to be persuasive because "it was consistent with [Dr. Jennings's] opinion and findings showing mild to moderate exertional limitations and postural limitations." ([8] at 35).

Plaintiff, however, argues the ALJ failed to explain the reasons why his RFC finding differed from Dr. Jennings's opinion.  According to Plaintiff, the ALJ's finding that Plaintiff is able to perform light work is not supported by Dr. Jennings's opinion that she had "mild to moderate limitations to [activities of daily living] involving prolonged standing/walking." ([8] at

5

357).  Plaintiff asserts that Dr. Jennings's opinion "is supportive of someone who would not be able to do the standing/walking demands of light work." ([14] at 4).

Conversely, the ALJ found that Dr. Jennings's opinion did, in fact, support the RFC findings.  The ALJ stated:

> [Dr. Jennings] did not opine as to function-by-function limitations though the statement of mild to moderate limitations translates to a light exertional level.  A light exertional level was consistent with the [range of motion] and strength deficits noted on exam.  Reported hip, back, and knee pain supported postural limitations.  Further, the determination was supported by imaging reports that showed no more than mild to moderate degenerative changes.

([8] at 35).

As Plaintiff points out, 20 C.F.R. § 404.1567(b) provides that a job is in the category of light work "when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  Social Security Regulation 83-10 defines "a good deal of walking or standing" as "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10.

Courts throughout the country have found that a doctor's assessment of mild to moderate limitations is supportive of an RFC for light work. *See Henderson v. Saul*, 788 Fed. Appx. 86, 87 (2d Cir. 2019) (consultative examiner's finding of "mild to moderate limitations for prolonged walking, bending, and kneeling" supported ALJ's determination that plaintiff's RFC allowed for light work); *Laura A. v. Kijakazi*, 2022 WL 3644810, at *15 (D.D.C. Aug. 24, 2022) ("courts have found that a 'restriction to light work'—which . . . requires about six hours of standing and/or walking—'is appropriate for an individual limited to a moderate amount of standing and/or walking'"); *Bethany A. v. Comm'r of Soc. Sec.*, 2022 WL 170405, at *4 (W.D.N.Y. Jan. 18, 2022) ("contrary to Plaintiff's assertion, the ALJ's RFC for light work is consistent with [the doctor's] 'mild to moderate' exertional limitations"); *Stanley v. Comm'r of Soc. Sec.*, 2015 WL

6

9473402, at *3 (S.D. Ohio Dec. 2, 2015) ("there is no support for the proposition that 'moderate' postural limitations are inconsistent with light work").

The record supports a finding that Plaintiff is able to perform light work. Dr. Jennings's assessment of Plaintiff revealed 4/5 strength in her right hip and 5/5 strength in all of her extremities. ([8] at 357). Dr. Jennings noted that Plaintiff did not need an assistive device to ambulate. ([8] at 357).

Additionally, on April 11, 2022, Dr. Steven Arkin, a state agency medical consultant, performed an assessment of Plaintiff's physical RFC and determined that she could perform light work. ([8] at 66-71). Dr. Arkin specifically found that Plaintiff could stand and/or walk for 6 hours in an 8 hour workday. ([8] at 69).

Medical records support these findings. For example, on January 7, 2021, Plaintiff was treated at the hospital after she was hit by a car. The medical provider noted that Plaintiff has a normal gait, 5/5 strength and intact range of motion in all extremities, and that she "ambulates without issue." ([8] at 294-95). Radiographs of her pelvis showed "no fracture, dislocation or any other significant bony pathology." ([8] at 298). Radiographs of her lumbar spine showed only "mild degenerative change." ([8] at 300). The physician noted that Plaintiff's "vertebral body heights, disc spaces and alignment are all well-maintained without evidence of fracture or significant subluxation." ([8] at 300).

As the ALJ noted, no medical provider recommended surgery or other invasive measures for any alleged musculoskeletal problem. ([8] at 38). The ALJ also noted Plaintiff's daily activities which included "self-care, meal preparation, and care of a young child." ([8] at 38).

Plaintiff has not shown that the Dr. Jennings's opinion contradicts the ALJ's determination or that further explanation from the ALJ was necessary. The ALJ's decision

offers a thorough review of the evidence of records, including Dr. Jennings's opinion.  The ALJ provided an explanation of his evaluation of the factors of supportability and consistency and, thus, the persuasiveness of the doctor's opinions.  The ALJ's evaluation of these opinions and Plaintiff's RFC is supported by substantial evidence and comports with applicable law.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned finds that the Commissioner's decision is supported by substantial evidence and that no reversible error of law was committed by the ALJ. Accordingly, the undersigned recommends that the Commissioner's final decision be AFFIRMED and this action be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 23rd day of July, 2024.

s/ Michael T. Parker
United States Magistrate Judge